# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

⋔ 01-50471
Summary Calendar

CONRAD A. ORTEGA,

Plaintiff-Appellant,

VERSUS

ALAMO COMMUNITY COLLEGE DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-00-CV-25)

December 6, 2001

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Conrad Ortega appeals a summary judgment in favor of Alamo Community College District ("Alamo") disposing of his title VII sex discrimination claim. Finding no error, we affirm.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. (continued...)

[*](...continued)
47.5.4.

Ortega was employed by Alamo as a patrolman and later a corporal. His duties involved security detail and some supervisory work when more senior staff was absent. Ortega worked a second job on bike patrol for the VIA Metropolitan Transit System ("VIA").

One day, Ortega did not report to work for Alamo. He explained he had car trouble, but, after fixing the problem, he reported to his job with VIA instead of to Alamo. He worked his shift for VIA with officer Cliff Morgan. During their patrol, Ortega and Morgan chanced upon officer Arriaga, who worked for Alamo. Ortega and Morgan followed Arriaga to Alamo's headquarters.

Arriaga used his key to open the building, and all three went inside, where Morgan used one of the computers to check stock prices and view pornographic images. All three consumed snacks and drinks while at the workstation, then left and returned to their jobs.

The following Monday, the office worker whose computer had been used arrived to find snack refuse on her desk. Upon checking her computer, she discovered some of the pornographic images viewed by some or all of the men. A resulting investigation by the Texas Department of Public Safety led to interviews with all three officers, whereupon Ortega was terminated from his job with Alamo on recommendation of the chief of the campus police department.

## II.

Ortega filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which sent him a right-to-sue letter on September 17, 1999. He sued Alamo for sex discrimination on January 10, 2000. The district court granted summary judgment for Alamo on the ground that Ortega had failed to establish a *prima facie* case. Specifically, the court found Ortega had not shown he was treated differently from a female employee who had engaged in nearly identical conduct.

## III.

Title VII requires a complainant to sue within ninety days of receiving a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Although this requirement is not jurisdictional,[2] failure to satisfy it is ground for dismissal, absent some reason to toll the limitations period.[3]

The district court declined to address limitations and granted summary judgment on other grounds. Although the limitations question is not jurisdictional, we elect to decide the case on that ground instead of reaching the merits.

## A.

It is undisputed that Ortega failed to sue within ninety days. His only explanation is that he did not receive the right to sue letter until October 19. The only evidence supporting this claim is his own affidavit testimony.

There is a well-settled presumption operating in favor of a party who properly

---

[2] *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (time for filing with EEOC not jurisdictional); *Espinoza v. Mo. Pac. R.R.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).

[3] *See, e.g., St. Louis v. Tex. Worker's Compensation Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (case brought under Age Discrimination in Employment Act).

addresses and delivers mail to a post office.[4] The presumption is useful where, as here, the parties dispute the date of receipt. Although the presumption may be rebutted, Ortega has done nothing to reply other than to offer his own statement that he did not receive the letter. The presumption of delivered mail cannot be rebutted simply by denying receipt; the very purpose of a presumption would be undercut if all that were necessary to defeat a presumed fact were a party's uncorroborated statement.

The length of the delivered mail presumption is not definite. In *dictum*, the Supreme Court has suggested using the general three-day limit in FED. R. CIV. P. 6(e). *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984). Some courts have adopted a period as long as seven days. *See, e.g., Roush v. Kartridge Pak, Inc.,* 838 F. Supp 1328, 1335 (S.D. Iowa. 1993). We need not decide on a specific length, because the twenty-four days by which Ortega's filing exceeded the last day of the ninety-day limit is obviously beyond any reasonable time for a letter to be delivered.

The limitations period for title VII is couched in terms of the "giving of such notice" to the plaintiff. 42 U.S.C. §2000e-5(f)(1). Thus, the plaintiff's actual, physical receipt of the notice is not the relevant trigger for the initiation of the ninety-day window; instead, the appropriate trigger is the delivery of the notice to the address the plaintiff supplied to the EEOC. *See Ringgold v. Nat'l Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986);

*Espinoza*, 754 F.2d at 1249. Even if we were to employ a seven-day presumption, Ortega is a full seventeen days late.

### B.

Because the ninety-day limit is not jurisdictional, it is subject to equitable tolling. *See Espinoza*, 754 F.2d at 1250. If Ortega had offered a compelling reason for us to toll limitations, the ninety-day clock would not run continuously from late September. Ortega has offered no such argument. There is, accordingly, no tolling in this case.

The ninety-day limit for bringing title VII actions serves an important policy judgment by Congress that courts not entertain suits filed after that time, absent extraordinary circumstances. The presumption of delivery of mail exists to address the very problem in this caseSSa dispute between parties as to when a letter arrived. Here, the letter did in fact arrive at Ortega's address some time between September 17 and October 19. Ortega offers no explanation why the letter was so slow to arrive, or why it may have been at his address but not actually "received" by him for so many days.

On these facts, we are unwilling to use Ortega's self-serving statement to overcome the presumption. Accordingly, the summary judgment is AFFIRMED.

---

[4] *See Hagner v. United States*, 285 U.S. 427, 430 (1932); *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884); *Beck v. Sommerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).